IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**HOMER TILLMAN, et al.**                                                       **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO. 3:11-CV-206-KS-MTP**

**HOUSTON J. PATTON, et al.**                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant Houston J. Patton's Motion for Summary Judgment [12] and **denies as moot** his Motion to Strike [17]. The Court also lifts the stay on this matter and orders the remaining parties to contact the chambers of Magistrate Judge Michael Parker within one week of the entry of this opinion to schedule a case management conference.

### I. BACKGROUND

On March 31, 2009, Defendant Houston J. Patton, a County Court Judge of Hinds County, Mississippi, issued a Final Judgment in the sum of $41,300.82, plus interest and costs, against Plaintiff Homer Tillman and in favor of Defendants Vernon and Constance Hughes. On April 7, 2010, Vernon and Constance Hughes filed a motion to find Tillman in contempt for his failure to satisfy the judgment. Two days later, Judge Patton signed and issued a judgment finding Tillman in contempt of court for failing to satisfy the judgment, and ordering that he be incarcerated in the Hinds County Jail until he had purged himself of contempt by paying the judgment. Tillman was subsequently arrested and held for several hours at the Hinds County Detention Center in Raymond, Mississippi.

Plaintiffs brought this action, asserting claims under 42 U.S.C. § 1983 and a variety of state tort claims. The crux of Plaintiffs' claims is that Judge Patton violated Tillman's right to be free from arrest, seizure, and incarceration for the non-payment of a civil debt. Judge Patton filed a motion for summary judgment [12], claiming judicial immunity.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra

*Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

"Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Therefore, judicial immunity is an absolute defense from suit. *Id.* It "is not overcome by allegations of bad faith or malice and applies even when the judge is accused of acting maliciously and corruptly." *Id.* It can only be overcome in two circumstances: "(1) a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity; and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.*

The parties agree that Judge Patton acted in his judicial capacity. Therefore, the only issue is whether he acted in the "complete absence of all jurisdiction." *Id.* Plaintiffs argue that Judge Patton had no authority or jurisdiction to incarcerate a civil litigant for failure to satisfy a civil judgment. The Mississippi Constitution provides that "there shall be no imprisonment for debt." *In re Nichols*, 749 So. 2d 68, 70 (Miss. 1999). In a case analogous to this one, the Mississippi Supreme Court generally held

3

that a judge may not imprison a judgment-debtor to coerce satisfaction of a civil judgment, even if the judgment-debtor has been held in civil contempt. *Id.* at 71-72. Therefore, the Court has no difficulty in concluding that Judge Patton should not have ordered the incarceration of Homer Tillman. Indeed, Judge Patton admitted as much in briefing, characterizing the order as a mistake.

The pertinent question, however, is whether Judge Patton acted "in the complete absence of all jurisdiction." *Ballard*, 413 F.3d at 515. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985). "[T]he scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

According to the relevant statute, Mississippi's county courts:

> . . . have jurisdiction concurrent with the justice court in all matters, civil and criminal of which the justice court has jurisdiction; and it shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($ 200,000.00) . . . .

MISS. CODE ANN. § 9-9-21(1). Furthermore, "[i]f any officer or person refuse to obey or perform any rules, order, or judgment of the court, such court shall have power to fine and imprison such officer or person until he shall give evidence, or until the rule, order,

4

or judgment shall be complied with." MISS. CODE ANN. § 9-1-17.

It is undisputed that the County Court had jurisdiction over the state litigation which led to this case, and that it possesses the general power to cite for contempt. "For the purposes of defining 'jurisdiction' in this section 1983 immunity case, it is sufficient that [Judge Patton's] court was a court of general jurisdiction empowered to cite for contempt, and that to deny immunity in the present case might create an ambiguity in the law which would pose more than a frivolous threat to disinterested judicial decision-making." *Adams*, 764 F.2d at 299. Therefore, the Court grants Judge Patton's motion for summary judgment.

## IV. CONCLUSION

For the reasons stated above, the Court **grants** the Motion for Summary Judgment [12] filed by Defendant Houston J. Patton. The Court will enter a separate judgment in accordance with Rule 58. The Court **denies as moot** Patton's Motion to Strike [17] Plaintiff's response to the motion for summary judgment.

The Court also lifts the stay on this matter and orders the remaining parties to contact the chambers of Magistrate Judge Michael Parker to schedule a case management conference.

SO ORDERED AND ADJUDGED this, the 28th day of September, 2012.

                             *s/Keith Starrett*
                             UNITED STATES DISTRICT JUDGE